IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

PAOLA ESMERALDA CLAROS OSEGUERA,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
CHRISTOPHER CHAMBERLAIN,
Assistant Field Office Director, ICE;
TODD BLANCHE, Acting Attorney General; and
MARKWAYNE MULLIN, Secretary, DHS,

Respondents.

Case No. 26-3280-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner alleges – and respondents do not dispute – that she is a native of Honduras who entered the United States in 1992; that she was detained by immigration officials on February 17, 2026; and that she remains in custody within this judicial district. She filed her petition on August 3, 2026; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner challenges her mandatory detention under 8 U.S.C. § 1225(b)(2), arguing that she should be deemed detained pursuant to 8 U.S.C. § 1226(a), which allows for

discretionary release on bond. Petitioner has submitted evidence that an immigration judge (IJ) denied her request for release on bond, based on a lack of jurisdiction because of petitioner's detention pursuant to Section 1225(b)(2). In its answer, the Government represents that petitioner is now being detained under Section 1226(a), as evidenced by a written notice of a custody determination conducted under that statute. Thus, the Government, while arguing that petitioner cannot now succeed on her claim as stated, has conceded in effect that petitioner is entitled to a merits review by an immigration judge if she now requests release on bond.

Petitioner argues in her traverse that the petition should not be denied and a bond hearing should be ordered because the IJ previously cited a lack of jurisdiction in refusing to consider her request for release on bond. Petitioner is now detained under Section 1226(a), however, and the Government has not denied any request by petitioner for a bond hearing under that statute. Accordingly, petitioner's claim of wrongful detention under Section 1225(b)(2) fails, and the Court therefore denies that claim.[1]

---

[1] In a similar case, the Court rejected the petitioner's argument that a Court order was still required to ensure that the immigration court did not refuse to consider the merits based on a lack of jurisdiction. *See Salazar Coto v. Mackey*, 2026 WL 2408777, at *1 (D. Kan. Aug. 18, 2026) (Lungstrum, J.). In that case, the Court stated that it was incumbent on the Government to make sure that the merits were considered at any such hearing, as it had taken the position that this Court need not order a bond hearing because the petitioner was detained under Section 1226(a) – thus in essence representing that the immigration court would grant a merits-based hearing; and the Court further warned that if the immigration court did claim a lack of jurisdiction to consider the petitioner's request, this Court would entertain an emergency motion to reopen the case, and it would order a bond hearing and consider requests for other relief or sanctions as appropriate. *See id.* at *1 n.2. That admonition applies here as well.

In addition to her statutory claim, petitioner asserts a claim in the petition that her detention without a bond hearing violates due process. Because petitioner is now detained under Section 1226(a) and may therefore request a bond hearing, this claim too lacks merit.[2] In her traverse, petitioner argues that her detention, now exceeding six months, has become unreasonably prolonged in violation of due process. Petitioner has not cited any authority, however, to support such a claim of a due process violation despite the fact that an individualized bond determination is available to her. Indeed, in cases in which this Court has determined that an immigration detention has become unreasonably prolonged, it has ordered a bond hearing as relief, *see, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026) (Lungstrum, J.); but such relief is already available to petitioner, and she has not shown that she is entitled to outright release. Nor has petitioner shown that her detention no longer serves the legitimate purpose of securing her removal. The Court therefore denies petitioner's due process claim.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[2] Petitioner has not shown that due process requires that the Government bear the burden of proof at a bond hearing conducted pursuant to Section 1226(a).